IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DON L. RUESCH, and LONEVA R. RUESCH,<br><br>Plaintiffs,<br><br>v.<br><br>PURPLE SHOVEL, LLC; STRONG & HANNI, P.C.; MICHAEL L. FORD; STEPTOE & JOHNSON LLP; STATEWIDE COURT & ATTORNEY SERVICES LLC; JAMES EDWARD HOUGHTALEN; CHRIS WORRELL; WENDY WORRELL; DAMIAN BATES; and DOE DEFENDANTS 1–6,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 4:18-cv-00028-DN<br><br>District Judge David Nuffer |

Defendants Strong & Hanni P.C. and Michael L. Ford (collectively, "S&H") filed a motion[1] for partial summary judgment with respect to Plaintiffs Don L. and Loneva R. Ruesch's claim for relief under the Fair Debt Collection Practices Act ("FDCPA").[2] Defendant Steptoe & Johnson ("Steptoe") has also filed a motion for partial summary judgment on this issue.[3] Because there is no genuine dispute as to any material fact and S&H and Steptoe are entitled to judgment as a matter of law, their motions are GRANTED.

---

[1] Strong & Hanni's Partial Motion for Summary Judgment ("S&H's Motion"), docket no. 72, filed December 21, 2018; *see* Memorandum in Opposition to Defendant Strong & Hanni's Partial Motion for Summary Judgment ("Opposition"), docket no. 82, filed January 18, 2019; Strong & Hanni's Reply Memorandum in Support of Its Partial Motion for Summary Judgment ("Reply"), docket no. 83, filed January 30, 2019.

[2] 15 U.S.C. § 1692 *et seq.*

[3] Steptoe & Johnson's Motion for Partial Summary Judgment, docket no. 77, filed January 3, 2019; *see* Memorandum in Opposition to Defendant Steptoe & Johnson's Motion for Partial Summary Judgment, docket no. 85, filed January 31, 2019.

## UNDISPUTED MATERIAL FACTS

Based on the record and evidence presented, there is no genuine dispute as to any of the following material facts.

S&H was counsel of record for Defendant Purple Shovel LLC in *Homeland Munitions, LLC v. Purple Shovel, LLC*, No. 2:17-cv-00207-DB (D. Utah).[4] On July 20, 2017, Purple Shovel obtained a judgment against Homeland Munitions LLC, Birken Startree Holdings Corp., Kilo Charlie LLC, and LC Defense LLC (collectively, "Judgment Debtors") in the amount of $9,986,909.92.[5] The Judgment Debtors are all entities, not natural persons.[6]

The judgment was based on a breach-of-contract claim for a commercial debt stemming from a commercial contract between Purple Shovel and Homeland Munitions, in which contract Purple Shovel agreed to purchase, and Homeland Munitions agreed to sell, certain weapons and munitions to fulfill orders for the United States government.[7] The weapons and munitions were not for any personal, household, or family use.[8]

Purple Shovel, acting through Steptoe, retained S&H to collect on the judgment against the Judgment Debtors.[9] For this purpose, S&H obtained writs of execution on certain property.[10] One of these writs was executed at the Ruesches' residence on October 5, 2017.[11] The Ruesches

---

[4] S&H's Motion, *supra* note 1, ¶ 1, at 3.

[5] *Id.* ¶ 2, at 3.

[6] *Id.* ¶ 3, at 3.

[7] *Id.* ¶¶ 4-5, at 3.

[8] *Id.* ¶ 5, at 3.

[9] *Id.* ¶ 6, at 4.

[10] *Id.* ¶ 7, at 4.

[11] Opposition, *supra* note 1, ¶ 3, at 4.

do not have, and have never had, any relationship—familial, business, or otherwise—with the Judgment Debtors.[12] They also do not owe, and have never owed, any debt to Purple Shovel.[13]

Based on the execution of the writ at their home, the Ruesches commenced this action against S&H, Steptoe, and others.[14]

## DISCUSSION

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] A dispute is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[16] A fact is "material" if "it is essential to the proper disposition of [a] claim."[17] In ruling on a motion for summary judgment, the evidence and all reasonable inferences are viewed in the light most favorable to the nonmoving party.[18]

S&H and Steptoe seek summary judgment on the Ruesches' FDCPA claim.[19] The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors."[20] To this end, the FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt";[21] the use of "unfair or unconscionable means to

---

[12] *Id.* ¶ 1, at 3.

[13] *Id.* ¶ 2, at 3.

[14] S&H's Motion, *supra* note 1, ¶ 8, at 4.

[15] FED. R. CIV. P. 56(a).

[16] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[17] *Id.*

[18] *Id.*

[19] *See* Second Amended Complaint, at 12, docket no. 89, filed February 4, 2019.

[20] 15 U.S.C. § 1692(e).

[21] *Id.* § 1692e.

3

collect or attempt to collect any debt";[22] and any conduct that "harass[es], oppress[es], or abuse[s] any person in connection with the collection of a debt."[23] "The term 'debt'"—as used in the FDCPA—"means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."[24] "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."[25]

S&H and Steptoe contend that the Ruesches' FDCPA claim fails as a matter of law because the FDCPA only applies to consumer debts, rather than commercial debts, and it is undisputed that the debt on which S&H sought to collect was *not* a consumer debt.[26] In response, the Ruesches cite to cases from other districts in which plaintiffs were allowed to pursue claims under the FDCPA because the nature of the underlying debts was unknown.[27] But the cases on which the Ruesches rely are inapposite,[28] as this is not a case where the nature of the debt on which S&H sought to collect is unknown. Rather, it is undisputed that the debt on which S&H sought to collect was a commercial obligation and *not* a consumer obligation.[29] Indeed, the Ruesches do not even argue otherwise.

---

[22] *Id.* § 1692f.

[23] *Id.* § 1692d.

[24] *Id.* § 1692a(5).

[25] *Id.* § 1692a(3).

[26] Reply, *supra* note 1, at 3.

[27] Opposition, *supra* note 1, at 7-12; *see, e.g.*, *Davis v. Midland Funding, LLC*, 41 F. Supp. 3d 919 (E.D. Cal. 2014); *Collins v. Portfolio Recovery Assocs., LLC*, No. 2:12-cv-138, 2013 WL 9805805 (E.D. Tenn. June 7, 2013).

[28] *See* Opposition, *supra* note 1, at 5-7.

[29] *See supra* notes 7-8 and accompanying text.

Because the debt on which S&H sought to collect was a commercial obligation, the FDCPA does not apply.[30] Accordingly, S&H and Steptoe are entitled to a judgment as a matter of law on the Ruesches' FDCPA claim.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that S&H's motion for partial summary judgment is GRANTED;[31] Steptoe's motion for partial summary judgment is GRANTED;[32] and the Ruesches' FDCPA claim is DISMISSED with prejudice.[33]

Signed June 24, 2019.

BY THE COURT:

*[signature]*

David Nuffer
United States District Judge

---

[30] *See Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100, 102 (2nd Cir. 2016) ("The FDCPA does not cover actions arising out of commercial debts." (internal quotation marks omitted)).

[31] Docket no. 72, filed December 21, 2018.

[32] Docket no. 77, filed January 3, 2019.

[33] Second Amended Complaint, *supra* note 19, at 12.