IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DON L. RUESCH, an individual; and LONEVA R. RUESCH, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> PURPLE SHOVEL, LLC, a foreign limited liability company; STRONG & HANNI, P.C., a Utah Professional Corporation; MICHAEL L. FORD, an individual; STEPTOE & JOHNSON LLP, a foreign limited liability partnership; STATEWIDE COURT & ATTORNEY SERVICES LLC d/b/a UTAH CONSTABLE SERVICES, a Utah limited liability company; JAMES EDWARD HOUGHTALEN, an individual; CHRIS WORRELL, an individual; WENDY WORRELL, an individual; DAMIAN BATES, and DOE DEFENDANTS 1-6, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO STATEWIDE COURT & ATTORNEY SERVICES LLC d/b/a UTAH CONSTABLE SERVICES AND JAMES EDWARD HOUGHTALEN AND (2) GRANTING IN PART, DENYING IN PART, AND RESERVING IN PART DEFENDANT STATEWIDE COURT & ATTORNEY SERVICES LLC d/b/a UTAH CONSTABLE SERVICES'S AND JAMES EDWARD HOUGHTALEN'S MOTION FOR SUMMARY JUDGMENT** <br><br> Case No. 4:18-cv-00028-DN <br><br> District Judge David Nuffer |

This dispute arises out of the service and execution of a writ of execution on Plaintiffs at

their home.[1] Defendants Strong & Hanni, P.C. ("Strong & Hanni"), Michael L. Ford ("Ford"),

and Steptoe & Johnson LLP ("Steptoe") (collectively, "Defendant Law Firms") had obtained a

nearly $10 million judgment against third parties, Homeland Munitions ("Homeland") and

Bradley McCorkle ("McCorkle"), on behalf of their client, Purple Shovel, LLC ("Purple

---

[1] Second Amended Complaint and Jury Demand ("Complaint"), docket no. 89, filed February 4, 2019.

Shovel").[2] Having received credible information that Plaintiffs were related to McCorkle and were potentially hiding judgment debtor assets, Defendants obtained a writ of execution ("Writ").[3] Defendants James Edward Houghtalen ("Constable Houghtalen") and Statewide Court & Attorney Services LLC dba Utah Constable Services (collectively, "Constable Defendants") duly executed the Writ.[4] Unfortunately, Plaintiffs were misidentified and had no tie to the judgment debtors or their assets. While Plaintiffs admit they have not suffered any property damage, loss of property, or bodily injury, they nevertheless brought five causes of action against the Constable Defendants for their role in serving and executing the Writ.[5]

Plaintiffs seek partial summary judgment regarding two of the Constable Defendants' affirmative defenses ("Plaintiffs' Motion").[6] They argue that the Constable Defendants are not protected by the judicial proceedings and litigation privilege or the Utah Governmental Immunity Act ("UGIA") and therefore, these affirmative defenses should be stricken.[7]

The Constable Defendants seek summary judgment on Plaintiffs' claims for negligence, negligent infliction of emotional distress ("NIED"), punitive damages, and violation of civil rights under 42 U.S.C. § 1983 ("Constable Defendants' Motion").[8] They argue that Plaintiffs

---

[2] Judgment Against Homeland Munitions, LLC, Birken Startree Holdings, Corp., Kilo Charlie, LLC, and LC Defense, LLC, ECF no. 49, in *Homeland Munitions et al. v. Purple Shovel*, Case No. 2:17-cv-00207-DB (D. Utah), filed July 20, 2017.

[3] Application for Writ of Execution, ECF no. 95 in in *Homeland Munitions et al. v. Purple Shovel*, Case No. 2:17-cv-00207-DB (D. Utah), filed October 3, 2017.

[4] Complaint ¶¶ 31-32.

[5] *Id*. ¶¶ 54-59, 73-86, 91-93, 99-101.

[6] Plaintiffs' Motion for Partial Summary Judgment as to Statewide Court & Attorney Services LLC d/b/a Utah Constable Services and James Edward Houghtalen ("Plaintiffs' Motion"), docket no. 124, filed August 15, 2019.

[7] *Id*.

[8] Defendant Statewide Court & Attorney Services LLC dba Utah Constable Services and James Edward Houghtalen's Motion for Summary Judgment ("Constable Defendants' Motion"), docket no. 123, filed August 15, 2019. The Constable Defendants' Motion did not address Plaintiffs' claim for trespass.

cannot establish essential elements of these claims, and alternatively, that the UGIA bars Plaintiffs' § 1983 claim.

After considering the parties' briefs and relevant case law, Plaintiffs' Motion is GRANTED in part and DENIED in part, and the Constable Defendants' Motion is GRANTED in part, DENIED in part, and RESERVED in part. In summary,

(i) the Constable Defendants' tenth affirmative defense[9] regarding the judicial proceedings and litigation privilege is stricken;

(ii) the UGIA's protections apply to the Constable Defendants' and the Constable Defendants' nineteenth affirmative defense regarding the UGIA is not stricken;

(iii) the UGIA's protections do not apply to Plaintiffs' § 1983 claim;

(iv) the undisputed material facts are such that summary judgment may not be granted against Plaintiffs' § 1983 claim as a matter of law;

(v) pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, notice is given that partial summary judgment may be entered on Plaintiffs' § 1983 claim determining that the Constable Defendants were state actors or acting under color of state law when serving and executing the Writ, and the parties may file additional briefing addressing this issue; and

(vi) ruling on the Constable Defendants' Motion that Plaintiffs cannot establish the essential elements of their state law claims is reserved pending opportunity for the parties to file additional briefs, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, addressing whether these claims should be dismissed without prejudice for Plaintiffs' failure to comply with the UGIA's notice of claim requirement.

---

[9] These affirmative defenses are stated by the Constable Defendants' Second Amended Answer, docket no. 114, filed June 25, 2019.

## Contents

UNDISPUTED FACTS ................................................................................................ 4

STANDARD OF REVIEW ......................................................................................... 7

DISCUSSION ............................................................................................................ 7

      The judicial proceedings and litigation privilege raised by the Constable Defendants is stricken ............................................................................................................. 8

      The UGIA's protections apply to the Constable Defendants ............................... 9

      The UGIA's protections from suit do not apply to Plaintiffs' § 1983 claim ................... 10

      The undisputed material facts are such that summary judgment may not be granted against Plaintiffs' § 1983 claim as a matter of law ................................ 11

      Summary judgment on Plaintiffs' state law claims appears to be appropriate because Plaintiffs failed to comply with the UGIA's notice of claim requirement .......... 14

ORDER ..................................................................................................................... 17

## UNDISPUTED FACTS[10]

1.      In 2016, Purple Shovel, represented by Steptoe, prevailed on a claim for breach of contract in an arbitration proceeding against Homeland and related entities (collectively, "judgment debtors").[11]

2.      On or around April 2017, Purple Shovel, through its lead counsel, Steptoe, retained Strong & Hanni and Ford to assist it in converting the arbitration award to a judgment and in collecting on the judgment against the judgment debtors.[12]

3.      On July 20, 2017, Purple Shovel obtained a judgment against the judgment debtors in the amount of $9,986,909.92 plus post-judgment interest.[13]

---

[10] The following Undisputed Facts are taken from the parties' briefing on both summary judgment motions. Those facts, or portions thereof, identified in the parties' briefing that do not appear in these Undisputed Facts are either disputed; not supported by the cited evidence; not material; or are not facts, but rather, are characterization of facts or legal argument. Additionally, these Undisputed Facts contain facts that are not material, but nevertheless provide a more complete background of the events and circumstances and give context to the parties' arguments.

[11] Complaint ¶ 14.

[12] *Id.* ¶ 15.

[13] *Id.* ¶ 14.

4.      In an attempt to recover on the judgment, the Defendant Law Firms received information that judgment debtor property was being stored at Plaintiffs' home.[14]

5.      Based on this information, Strong & Hanni obtained a Writ to execute on any of the judgment debtors' property at Plaintiffs' home.[15]

6.      The Writ directed Utah Constable Services to enter Plaintiffs' residence with the assistance of the U.S. Marshal's Service, and seize enough of the judgment debtor's non-exempt property described in the Writ.[16]

7.      On the morning of October 5, 2017, Constable James Houghtalen served the Writ on Plaintiffs' residence without the assistance of the U.S. Marshal's Service.[17]

8.      After Constable Houghtalen rang the doorbell and spoke with Plaintiff Loneva Ruesch ("Mrs. Ruesch"), he waited on the porch while Mrs. Ruesch went back into the house and called her husband, Plaintiff Don Ruesch ("Mr. Ruesch"), who was away on business. Mr. Ruesch called his neighbors, the Judd's, who came to the house. The local sheriff was also called, and came to the house. Constable Houghtalen then performed his search.[18]

9.      At all times, Constable Houghtalen was accompanied and observed by Mrs. Ruesch.[19]

10.      Constable Houghtalen did not locate any property belonging to the judgment debtors, and did not remove any property from Plaintiffs' residence.[20]

---

[14] Constable Defendants' Motion ¶ 126 at 17.

[15] Complaint ¶ 22.

[16] *Id*. ¶¶ 20, 22.

[17] Constable Defendants' Motion ¶ 19 at 5; Plaintiffs' Motion ¶ 4 at 6.

[18] Constable Defendants' Motion ¶¶ 16-25 at 5-6; Plaintiffs' Motion ¶ 11 at 7.

[19] Constable Defendants' Motion ¶ 36 at 7; Exh. 2 at 32:2.

[20] Constable Defendants' Motion ¶ 45 at 8; Exh. 2 at 35:1.

11.     Constable Houghtalen did not physically touch Mrs. Ruesch or disrupt any property.[21]

12.     The only item that was displaced during the search was when Constable Houghtalen unloaded a gun that had a bullet in its chamber. However, he did not take the gun or the bullet.[22]

13.     Mrs. Ruesch felt that Constable Houghtalen was "gruff" at the beginning, but thereafter was professional and businesslike.[23]

14.     Mrs. Ruesch received no counseling or therapy as a result of the Writ; she received no medical attention of any kind; she did not take any prescriptions or over-the-counter medication; and she suffered no nightmares.[24]

15.     Mr. Ruesch was not home when the Writ was served. He testified that he did not receive medical treatment, undergo any counseling, or take any medication as a result of the Writ.[25]

16.     Mr. Ruesch testified that his stress relating to the Writ incident arises from the litigation.[26]

17.     Neither Mrs. Ruesch nor Mr. Ruesch testified that Constable Houghtalen acted with malice, ill will, or with other intent to harm them. Neither Plaintiff knew whether this was nothing more than a good faith error.[27]

---

[21] Constable Defendants' Motion ¶¶ 39, 44 at 7; Exh. 2 at 33: 2-12; 34:22.

[22] Constable Defendants' Motion ¶¶ 33-34 at 6-7; Exh. 2 at 30:10-18.

[23] Constable Defendants' Motion ¶¶ 40-42 at 7; Exh. 2 at 34:11-16; 3:3-12; 85:13-15.

[24] Constable Defendants' Motion ¶¶ 49-55 at 8; Exh. 2 at 44:7-24; 45:3-19.

[25] Constable Defendants' Motion ¶ 130 at 18; Exh. 25 at 66, 113-115.

[26] Constable Defendants' Motion ¶ 131 at 18; Exh. 25 at 115.

[27] Constable Defendants' Motion ¶ 132 at 18; Exh. 2 at 50, 61-64; Exh. 25:152.

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[28] The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[29] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[30] In determining whether there is a genuine dispute as to material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[31]

Additionally, "[a]t the summary judgment stage, evidence need not be submitted in a form that would be admissible at trial, but the content or substance of the evidence must be admissible."[32] "The requirement is that the party submitting the evidence show that it will be possible to put the information, the substance or content of the evidence, into an admissible form."[33]

## DISCUSSION

Plaintiffs' Motion and the Constable Defendants' Motion present five primary issues: First, whether the judicial proceedings and litigation privilege applies to the Constable Defendants for purposes of their tenth affirmative defense.[34] Second, whether the Constable Defendants are entitled to the UGIA's protections asserted in their nineteenth affirmative

---

[28] Fed. R. Civ. P. 56(a).

[29] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998).

[30] *Id.* at 670.

[31] *Id.*

[32] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 999 (10th Cir. 2019) (citations quotation marks omitted).

[33] *Id.* at 999 n.15 (citations and quotation marks omitted).

[34] Plaintiffs' Motion at 6-7.

defense.[35] Third, whether the UGIA's protections from suit apply to Plaintiff's § 1983 claim.[36] Fourth, whether a triable issue of fact exists regarding Plaintiffs' § 1983 claim.[37] And fifth, whether Plaintiffs can establish the essential elements of their negligence, NIED, and punitive damages claims.[38]

The first four issues will be addressed in turn. Ruling on the fifth issue is reserved pending opportunity for the parties to file additional briefs addressing whether Plaintiffs' state law claims should be dismissed without prejudice for lack of notice under the UGIA.

### The judicial proceedings and litigation privilege raised by the Constable Defendants is stricken

Plaintiffs seek summary judgment on the applicability of the judicial proceedings and litigation privilege to the Constable Defendants.[39] Plaintiffs argue that the privilege does not apply because the Constable Defendants were not acting in the capacity of a "judge, juror, witness, litigant, or counsel."[40] In response, the Constable Defendants indicated that they are not asserting the privilege as a defense.[41] Based on this representation, Plaintiffs' Motion is granted as to the Constable Defendants' tenth affirmative defense regarding the judicial proceedings and litigation privilege. The Constable Defendants' tenth affirmative defense is stricken.

---

[35] *Id*. at 7-11; Constable Defendants' Motion at 29-33.

[36] Plaintiffs' Motion at 11-12; Constable Defendants' Motion at 29-33.

[37] Constable Defendants' Motion at 19-25.

[38] *Id*. at 25-29, 33.

[39] Plaintiffs' Motion at 6-7.

[40] *Id*.; *Moss v. Parr Waddoups Brown Gee & Loveless*, 2012 UT 42, ¶ 28, 285 P.3d 1157.

[41] Defendant Statewide Court & Attorney Services LLC dba Utah Constable Services and James Edward Houghtalen's Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Constable Defendants' Opposition") ¶¶ 1-2 at 2, docket no. 137, September 18, 2019.

## The UGIA's protections apply to the Constable Defendants

Plaintiffs seek summary judgment on the Constable Defendants' nineteenth affirmative defense regarding application of the UGIA's protections to the Constable Defendants.[42] Specifically, Plaintiffs argue that the defense fails as a matter of law because the Constable Defendants are not employees or officers of a government entity.[43] The Constable Defendants counter, seeking summary judgment that they are agents and officers of the State of Utah and therefore, entitled to the UGIA's protections.[44]

The UGIA provides governmental entities and employees with immunity "from suit for any injury that results from the exercise of a governmental function."[45] The UGIA "applies to all functions of government, no matter how labeled;" and "governs all claims against governmental entities or against their employees or agents arising out of the performance of the employee's duties, within the scope of employment, or under color of authority."[46]

Constable Houghtalen, as a duly authorized constable under the Constables Act,[47] is an agent of the State of Utah. "Utah endows constables with the authority to conduct official actions on behalf of a court that other private individuals cannot legally perform."[48] Indeed, to qualify as a constable, a person must be certified as a special function peace officer in the State.[49] Cities and counties appoint constables, and their position may be revoked at any time for cause or if the

---

[42] Plaintiffs' Motion at 7-11.

[43] *Id*.

[44] Constable Defendants' Motion at 29-33; Constable Defendants' Opposition at 7-10.

[45] Utah Code Ann. § 63G-7-201(1).

[46] *Id*. § 63G-7-101(2).

[47] *Id.* § 17-25-1 *et seq.*

[48] *Sexton v. Poulsen and Skousen P.C.,* 372 F. Supp. 3d 1307, 1316 (D. Utah 2019) (finding that in the context of the Fair Debt Collection Practices Act, the constable defendants were state actors).

[49] Utah Code Ann. § 17-25a-2(1).

constable's peace officer certification is ever suspended or revoked.[50] A constable is empowered to execute the orders of a judge, or, as applicable to this case, execute a writ issued by the Clerk of the Court by seizing and disposing of property, entering a home by force, or serving a warrant of arrest.[51] Utah law also requires a constable to prominently display a badge or other credentials identifying the constable while performing official duties.[52]

Constable Houghtalen was acting as an official agent of a government entity when he executed a valid writ, signed by the Clerk of Court, instructing him to take that action. While the Writ was sought by private law firms on behalf of private parties, Constable Houghtalen was acting as an official agent of a government entity in carrying out his functions as a constable in serving and executing the Writ. His actions are the very essence of government action in the judicial process. No reasonable trier of fact could find otherwise. Therefore, the Constable Defendants are entitled to the UGIA's protections as a matter of law. The Constable Defendants' Motion that the UGIA's protections apply to the Constable Defendants is granted. Plaintiffs' Motion that the Constable Defendants are not entitled to the protections of the UGIA is denied. The Constable Defendants' nineteenth affirmative defense is not stricken.

### The UGIA's protections from suit do not apply to Plaintiffs' § 1983 claim

Plaintiffs and the Constable Defendants seek summary judgment on the issue of whether the UGIA's protections from suit apply to the Plaintiffs' § 1983 claim.[53] Plaintiffs argue that state-based immunity under the UGIA cannot preempt their federal § 1983 claim.[54] The

---

[50] *Id.* § 17-25a-1.

[51] *Id.* §§ 17-25-1(1), 17-25a-3(2), 78B-6-812(1), (3); Utah R. Civ. P. 64(a)(7), (d).

[52] Utah Code Ann. § 17-25-6(1).

[53] Plaintiffs' Motion at 11-12; Constable Defendants' Motion at 29-33.

[54] Plaintiffs' Motion at 11-12.

Constable Defendants, by contrast, argue that states determine whether and when they may be sued, and the UGIA affords protection against Plaintiffs' § 1983 claim.[55]

The United States Supreme Court has held that:

> Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced."[56]

The Utah Court of Appeals has also held that the UGIA does not shield against § 1983 claims in state court actions: "'In general, state government immunity statutes do not apply to suits brought under [section] 1983.'"[57] "Instead, the issue of immunity in a federal civil rights case is a matter of federal law."[58]

Plaintiffs' § 1983 claim is a matter of federal law. The Constable Defendants cannot invoke the UGIA's protections to shield against the claim as a matter of law. Therefore, Plaintiff's Motion is granted and the Constable Defendants' Motion is denied regarding the applicability of the UGIA's protections to Plaintiffs' § 1983 claim.

**The undisputed material facts are such that summary judgment may not be granted against Plaintiffs' § 1983 claim as a matter of law**

Plaintiffs' § 1983 claim alleges violations of Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights by the Constable Defendants in the service and execution of the Writ.[59] The Constable Defendants seek summary judgment on Plaintiffs' § 1983 claim, arguing that Plaintiffs cannot establish that the Constable Defendants are state actors or that they were acting

---

[55] Constable Defendants' Motion at 29-33.

[56] *Martinez v. California*, 444 U.S. 277, 284 n.8 (1980) (internal quotations omitted).

[57] *Cline v. State, Div. of Child & Family Servs.*, 142 P.3d 127, 132 (Utah Ct.App. 2005) (quoting *Baker ex rel. Baker v. Angus*, 910 P.2d 426, 432 (Utah Ct.App. 1996)).

[58] *Cline*, 142 P.3d at 133 (citation omitted).

[59] Complaint ¶ 56.

under color of state law.[60] (The Constable Defendants do not seek summary judgment based on Plaintiff's failure to establish facts supporting a § 1983 claim.) The Constable Defendants' argument that Plaintiffs cannot establish that the Constable Defendants are state actors or acting under color of state law lacks merit.

Section 1983 permits citizen-plaintiffs to seek remedies against state actors for unlawful deprivation of federal rights.[61] To be entitled to relief under § 1983, a plaintiff must prove that (1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the defendant acted under color of state law.[62]

The undisputed facts demonstrate that Constable Houghtalen, as a duly authorized constable under the Constables Act,[63] served and executed the Writ at Plaintiffs' residence. In Utah, constables have authority to conduct official actions on behalf of a court.[64] They must be certified as a special function peace officer in the State,[65] and must prominently display a badge or other credentials while performing official duties.[66] They are appointed by cities and counties appoint, and may have their positions revoked for cause or if their certification is suspended or

---

[60] Constable Defendants' Motion at 19-25. The Constable Defendants' Motion includes argument that Plaintiffs cannot prove a deprivation of their Constitutional rights. *Id*. However, the only basis on which these arguments rely is that the Constable Defendants are not state actors or acting under color of state law. *Id*. Therefore, whether Plaintiffs have presented sufficient facts and evidence to avoid summary judgment on their § 1983 claim will only be viewed through the lens of whether the Constable Defendants are state actors or acted under color of state law.

[61] *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002).

[62] *Id*. (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978)).

[63] Utah Code Ann. § 17-25-1 *et seq.*

[64] *Sexton v. Poulsen and Skousen P.C.*, 372 F. Supp. 3d 1307, 1316 (D. Utah 2019) (finding that in the context of the Fair Debt Collection Practices Act, the constable defendants were state actors).

[65] Utah Code Ann. § 17-25a-2(1).

[66] *Id*. § 17-25-6(1).

12

revoked.[67] And constables are empowered to execute the orders of a judge and to serve and execute a writs issued by a Clerk of the Court.[68]

On this record, a trier of fact would reasonably determine that the Constable Defendants were state actors or acting under color of state law when serving and executing the Writ. That the Writ was sought by private law firms on behalf of private parties, alone, is insufficient to cut against such a finding. The undisputed facts are such that summary judgment may not be granted against Plaintiffs' § 1983 claim because the Constable Defendants are not state actors or acting under color of state law. Therefore, the Constable Defendants' Motion regarding Plaintiffs' § 1983 claim is denied.

It appears appropriate that partial summary judgment be entered on Plaintiffs' § 1983 claim, determining that the Constable Defendants were state actors or acting under color of state law when serving and executing the Writ. However, Plaintiffs did not seek partial summary judgment on this issue. Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, "[a]fter giving notice and a reasonable time to respond, the court may (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own."[69]

Therefore, notice is given that partial summary judgment may be entered on Plaintiffs' § 1983 claim determining that the Constable Defendants were state actors or acting under color of state law when serving and executing the Writ. The parties may, by no later than 4:00 p.m. on Tuesday April 13, 2021, file additional briefs asserting facts (supported by citation to evidence) and legal argument addressing the entry of partial summary judgment on Plaintiffs' § 1983 claim

---

[67] *Id.* § 17-25a-1.

[68] *Id.* §§ 17-25-1(1), 17-25a-3(2), 78B-6-812(1), (3); Utah R. Civ. P. 64(a)(7), (d).

[69] Fed. R. Civ. P. 56(f).

determining that the Constable Defendants were state actors or acting under color of state law when serving and executing the Writ.

**Summary judgment on Plaintiffs' state law claims appears to be appropriate because Plaintiffs failed to comply with the UGIA's notice of claim requirement**

The Constable Defendants also seek summary judgment on Plaintiffs' negligence, negligent infliction of emotional distress ("NIED"), and punitive damages claims.[70] However, it appears that Plaintiffs' state law claims should be dismissed because, on those claims, the Constable Defendants are entitled to the protections of the UGIA and Plaintiffs failed to comply with the UGIA's notice of claim requirement.

The UGIA provides "[a]ny person having a claim against a governmental entity, or against its employee . . . shall file a written notice of claim with the entity before maintaining the action."[71] A claim is defined as "any asserted demand for or cause of action for money or damages, whether rising under the common law, under state constitutional provisions, or under state statutes, against a governmental entity or against an employee in the employee's personal capacity."[72] The UGIA mandates that "[a] claim against a governmental entity or against an employee . . . is barred unless notice of claim is filed with the person and according to the requirements of Section 63G-7-401 within one year after the claim arises."[73]

The purpose of the UGIA's notice requirement is "to provide the governmental entity an opportunity to correct the condition that caused the injury, evaluate the claim, and perhaps settle

---

[70] Constable Defendants' Motion at 25-29, 33.

[71] Utah Code Ann. § 63G-7-401(2).

[72] *Id.* § 63G-7-102(1).

[73] *Id.* § 63G-7-402.

the matter without the expense of litigation."[74] If a plaintiff fails to file and properly serve a notice of claim, it is "fatal to the trial court's jurisdiction."[75]

In this case, Plaintiffs' claim arose on October 5, 2017, the day the Writ was served and executed at their residence. The Constable Defendants assert that Plaintiffs did not file a written notice of claim under the UGIA within one year after the claim arose, and have not to date.[76] Because the Constable Defendants are entitled to the protections of the UGIA on the state claims, and because it appears that Plaintiffs did not comply with the UGIA's notice of claim requirement, jurisdiction over Plaintiffs' state law claims may be lacking.

The Constable Defendants' Motion did not seek entry of summary judgment on Plaintiffs' state law claims on the basis of a lack of notice under the UGIA. Instead, the Constable Defendants raised the UGIA only in relation to Plaintiffs' § 1983 claims.[77] Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, "[a]fter giving notice and a reasonable time to respond, the court may (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own."[78]

Summary judgment dismissing without prejudice Plaintiffs' state law claims against the Constable Defendants appears to be appropriate based on Plaintiffs' failure to comply with the UGIA's notice of claim requirement. Therefore, notice is given that Plaintiffs' state law claims against the Constable Defendants may be dismissed without prejudice on this basis. The parties

---

[74] *Stephenson v. Utah County*, 2010 WL 2574153, at *1 (D. Utah June 24, 2010) (dismissing claims against government entity because plaintiff did not comply with the notice requirement) (citation and quotation marks omitted).

[75] *Id*. (citation and quotation marks omitted).

[76] Constable Defendants' Motion at 29.

[77] *Id*. at 29-33.

[78] Fed. R. Civ. P. 56(f).

may, by no later than 4:00 p.m. on Tuesday April 13, 2021, file additional briefs asserting facts (supported by citation to evidence) and legal argument addressing the dismissal without prejudice of Plaintiffs' state law claims against the Constable Defendants for lack of notice under the UGIA.

Additionally, because jurisdiction is a threshold issue, it is improper to address the merits of Plaintiffs' state law claims against the Constable Defendants at this time.[79] Therefore, ruling on the propriety of Plaintiffs' state law claims against the Constable Defendants is reserved pending the parties' opportunity to file additional briefs addressing Plaintiffs' compliance with the UGIA's notice of claim requirement. The court will rule regarding the propriety of Plaintiffs' state law claims against the Constable Defendants based on the state of the record as of 4:00 p.m. on Tuesday April 13, 2021.

---

[79] *Valenzuela v. Silversmith*, 699 F.3d 1199, 1204-1205 (10th Cir. 2012).

**ORDER**

IT IS HEREBY ORDERED THAT:

1.      Plaintiffs' Motion[80] is GRANTED regarding the Constable Defendants' tenth affirmative defense asserting the judicial proceedings and litigation privilege. Defendants' tenth affirmative defense regarding the judicial proceedings and litigation privilege is STRICKEN.

2.      Plaintiffs' Motion[81] that the Constable Defendants' may not raise the UGIA as their nineteenth affirmative defense is DENIED. The Constable Defendants are agents and officers of the State of Utah and therefore, entitled to the UGIA's protections.

3.      Plaintiffs' Motion[82] that the UGIA's protections do not apply to Plaintiffs' § 1983 claim is GRANTED.

4.      The Constable Defendants' Motion[83] that the UGIA's protections apply to the Constable Defendants is GRANTED.

5.      The Constable Defendants' Motion[84] regarding Plaintiffs' § 1983 claim on the basis that they are not they are not state actors or acting under color of law is DENIED.

6.      Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, notice is given that partial summary judgment may be entered on Plaintiffs' § 1983 claim determining that the Constable Defendants were state actors or acting under color of state law when serving and executing the Writ. The parties may, by no later than 4:00 p.m. on Tuesday April 13, 2021, file additional briefs asserting facts (supported by citation to evidence) and legal argument

---

[80] Docket no. 124, filed August 15, 2019.

[81] *Id.*

[82] *Id*.

[83] Docket no. 123, filed August 15, 2019.

[84] *Id*.

addressing the entry of partial summary judgment on Plaintiffs' § 1983 claim determining that the Constable Defendants were state actors or acting under color of state law when serving and executing the Writ. These briefs may not exceed 7 pages in length exclusive of exhibits and declarations.

7.      Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, notice is given that Plaintiffs' state law claims against the Constable Defendants may be dismissed without prejudice for Plaintiffs' failure to comply with the UGIA's notice of claim requirement. The parties may, by no later than 4:00 p.m. on Tuesday April 13, 2021, file additional briefs asserting facts (supported by citation to evidence) and legal argument addressing Plaintiffs' compliance with the UGIA''s notice of claim requirement. These briefs may not exceed 7 pages in length exclusive of exhibits and declarations.

8.      Ruling is RESERVED on the Constable Defendants' Motion[85] as to the merits of Plaintiffs' negligence, negligent infliction of emotional distress ("NIED"), and punitive damages claims. The court will rule regarding the propriety of Plaintiffs' state law claims against the Constable Defendants based on the state of the record as of 4:00 p.m. on Tuesday April 13, 2021.

Dated March 30, 2021.

BY THE COURT:

David Nuffer
United States District Judge

---

[85] *Id.*